WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Thomas Cooper, et. al., | No. CV-18-00300-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Greg DeMeritt, et al., | |
| Defendants. | |

On June 18, 2018, Plaintiffs John Thomas Cooper Jr., Marista Kora Knaack, and Kylaya Hanes, acting *pro se,* filed a Motion to Exceed Page Limit for Memorandum of Law in Support of Temporary Restraining Order (Doc. 5.) Also on June 18, 2015, Plaintiffs lodged their proposed Request for Temporary Restraining Order. (Doc. 6.) The Court will grant Plaintiffs' Motion to Exceed Page Limit for Memorandum of Law in Support of Temporary Restraining Order. However, for the reasons stated below, the Court will deny Plaintiff's request for a temporary restraining order.

Plaintiffs seek a temporary restraining order against Arizona Department of Child Safety (DCS), Banner University Medical Center (UMC), Peter Fine, Carla Rodriguez, Doug Ducey, Gregory A. McKay, Pauline Machiche, Laura Gomez, Lisa Hamilton, and Elizabeth Murphy-Thomas. (Doc. 6.) Plaintiffs contend that UMC performs, without the mother's knowledge or consent, drug testing on babies who are born to women under age 30 and are premature or of low birth weight, or who are born to women under age 30 who did not receive prenatal care at UMC. (Doc. 6 at 2.) Plaintiffs seek to restrain

Defendants from "applying or enforcing their policy . . ." requiring: (1) such drug testing; (2) that positive test results must be reported to DCS without a warrant or probable cause, and (3) "that warrantless background checks, drug test and 'inspection' of the [mother's] . . . residence . . ." shall be conducted when a baby's test is positive. (Doc. 6 at 2.)

Plaintiffs' request arises from the following allegations. Plaintiff Hanes lives with her sister Plaintiff Knaack and Knaack's fiancé Plaintiff John Thomas Cooper. (Doc. 1 at ¶¶ 5–7.) On May 23, 2018, Plaintiff Hanes gave birth at UMC to her son who was premature. (*Id.* at ¶ 19.) A toxicology screen of the infant's urine, which was performed that same day without Hanes's knowledge or consent, was negative. (*Id.*) On May 28, 2018, a sample of the infant's meconium, tested without Hanes's knowledge or consent, indicated trace amounts of "Cannabinoid (THC)." (*Id.* at ¶ 20.) Plaintiffs further allege that UMC personnel reported the positive test results to DCS pursuant to the policy at issue in the instant motion. (*Id.* at ¶ 21.) Defendant Murphy-Thomas, a DCS Investigative Specialist, has informed Hanes that if Plaintiffs do not submit "to DCS demands of home inspection, background checks and drug test, the child will be taken into government custody without a pre-deprivation determination by the Juvenile Court upon discharge of the child from UMC." (*Id.* at ¶ 27.)

Plaintiffs assert that Hanes's son is expected to be "discharged any time after June 30, 2018." (Doc. 6 at 6.) According to Plaintiffs, "unless [they] submit to the Government Defendants' demand of warrantless 'background checks', drug test and 'inspection' of their residence the child will be seized . . ." from Hanes's custody upon his discharge from UMC. (*Id.* at 6.)

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be issued

> without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). Nonetheless, the circumstances in which a court may issue a temporary restraining order without giving notice to the adverse party are extremely limited. *Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006). *See also American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting *ex parte* temporary restraining order "when there was no valid reason for proceeding *ex parte* and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such *ex parte* orders"); LRCiv 65.1 of the Local Rules of Practice for the U.S. District Court for the District of Arizona ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

Plaintiffs have not certified the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).[1] Plaintiffs assert that they "have discussed the DCS issue with the secretary of Defendant McKay; the secretary of Defendant Machiche; the secretary of Defendant Gomez; Defendant Hamilton; Defendant Murphy-Thomas and the office of the Arizona Ombudsman Citizens' Aide. All officials contacted unanimously concluded that DCS can take any action without court sanctions save for severing parental rights." (Doc. 6 at 6.) Although Plaintiffs have contacted various Defendants about this action, Plaintiffs have not shown that they have provided Defendants notice about the instant motion for a temporary restraining order. Nor have Plaintiffs shown why they could not provide such notice. Sufficient time remains for Plaintiffs to provide notice and for Defendants to be heard prior to the anticipated discharge date of Hanes's son. Therefore, the Court finds that Plaintiffs have

---

[1] In addition, the Court notes that two of the three actions Plaintiffs seek to restrain Defendants from taking have already occurred.

| | |
|---|---|
| 1 | failed to provide notice to the opposing parties in accordance with Fed. R. Civ. P. 65(b) |
| 2 | or show that irreparable harm will result before the adverse party can be heard in |
| 3 | opposition. |
| 4 | Accordingly, IT IS ORDERED that Plaintiffs' Motion to Exceed Page Limit for |
| 5 | Memorandum of Law in Support of Temporary Restraining Order (Doc. 5) is |
| 6 | GRANTED. |
| 7 | IT IS FURTHER ORDERED that Plaintiffs' Request for Temporary Restraining |
| 8 | Order is DENIED WITHOUT PREJUDICE. |
| 9 | Dated this 19th day of June, 2018. |

*[signature]*
Honorable Jennifer G. Zipps
United States District Judge