**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Thomas Cooper, Jr., et al., | No. CV-18-00300-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Greg DeMeritt, et al., | |
| Defendants. | |

The record reflects that *pro se* Plaintiff Kylaya Hanes has failed to comply with this Court's order and rules to keep the Court informed of her address. She has also failed to respond to Defendants' motions to dismiss this action. For the following reasons, the Court will dismiss this action.

## BACKGROUND

Hanes is the sole remaining plaintiff in this action filed against the following Defendants: Greg DeMeritt, Chief Deputy Clerk of the Arizona Superior Court for Pima County; Arizona State Governor Doug Ducey; Arizona Department of Child Safety and employees Gregory McKay, Pauline Machiche, Laura Gomez, Lisa Hamilton, and Elizabeth Murphy-Thomas[1]; and Banner University Medical Center and employees Peter Fine and Carla Rodriguez[2]. (Doc. 1.) Hanes alleges violations of her rights under the First, Fourth and Fourteenth Amendments against all Defendants pursuant to 42 U.S.C.

---
[1] Together with Greg DeMeritt and Doug Ducey, collectively referred to as "the State Defendants."

[2] Collectively referred to as "the Banner Defendants."

§§ 1983 and 1985(3).

At the inception of this action when granting Hanes's request to proceed *in forma pauperis,* the Court advised Hanes of her obligation under LRCiv 83.3(d) of the Local Rules of Practice of the U.S. District Court for the District of Arizona, to notify the Court of any address change during the pendency of this action. (June 19, 2018 Order (Doc. 14 at 3–4).) Hanes was informed that she must file a Notice of Change of address no later than fourteen (14) days before the effective date of the change. (*Id.* at 4 (citing LRCiv 83.3(d).) The Court also warned Hanes that her failure to file a Notice of Change of Address "may result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order and/or for failure to prosecute." (*Id.*) (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).)

On July 26, 2018, the State Defendants filed a Motion to Dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 35.) On July 27, 2018, the Banner Defendants filed a Motion to Dismiss all claims pursuant to Rule 12(b)(6). (Doc. 37.) On July 31, 2018, the Court issued an order informing Hanes, among other things, that pursuant to LRCiv 7.2(i)[3], her failure to respond to the State Defendants' Motion to Dismiss on or before August 9, 2018, may be treated as a consent to the granting of the Motion without further notice, and judgment may be entered dismissing this action against the State Defendants pursuant to LRCiv 7.2(i). (Doc. 40 at 2.) The Court issued a similar order with regard to the Banner Defendants' Motion to

---

[3] LRCiv 7.2(i) provides:
> Briefs or Memoranda of Law; Effect of Non-Compliance. If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

Dismiss, and set an August 10, 2018 due date for Hanes's response to that Motion. (Doc. 39.) On August 7, 2018, an envelope containing the July 31, 2018 Orders (Docs. 39, 40) was returned to the Court bearing the notice: "Return to Sender [/] Attempted – Not Known [/] Unable to Forward." (Doc. 47.) On August 21, 2018, the Banner Defendants filed a Notice of Plaintiff's Failure to File Response to Motion to Dismiss, requesting that this matter be dismissed with prejudice. (Doc. 48.)

## DISCUSSION

Hanes has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). "A party, not the district court, bears the burden of keeping the court apprised of any changes in h[er] mailing address." *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988). Hanes's failure to keep the Court informed of her current address constitutes a failure to prosecute as well as a failure to comply with LRCiv 83.3(d) and the Court's June 19, 2018 order (Doc. 14) advising her of same.

District courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633. Additionally, "[f]ailure to follow a district court's local rules is a proper ground for dismissal," Ghazali *v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995), as is failure to comply with the Court's orders. Fed. R. Civ. P. 41(b). The Court may also summarily dismiss this action pursuant to LRCiv 7.2(i) in light of Hanes's failure to respond to the pending motions to dismiss. *See Ghazali,* 46 F.3d at 53–54 (affirming dismissal pursuant to local rule similar to LRCiv 7.2(i) where the plaintiff failed to file an opposition to the defendant's motion to dismiss).

The same test applies regardless whether dismissal is for failure to prosecute, failure to comply with the Court's orders and rules, or failure to respond to a motion to dismiss under LRCiv 7.2(i). In determining whether dismissal is warranted, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution

of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Ghazali,* 46 F.3d at 53 (same). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first three factors favor dismissal of this case as Hanes has made no effort to continue with this action. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Because the Court has no mailing address for Hanes, "[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey,* 856 F.2d at 1441. Hanes has hailed multiple defendants to Court and required them and the Court to expend time and resources addressing this action. Yet, Hanes's failure to respond to the pending motions to dismiss and her failure to keep the Court informed of her current address evidence her abandonment of this action. Dismissal with prejudice is appropriate in these circumstances. Therefore,

IT IS ORDERED that this action is dismissed with prejudice for failure to prosecute and for failure to comply with the Court's orders and rules.

The Clerk of Court is directed to enter judgment accordingly and to close its file in this action.

Dated this 4th day of September, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge